D|F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CARLOS CALLE, individually and on behalf of
all other employees similarly situated,

                            Plaintiff,

-against-

YONELES ENTERPRISES, INC. d/b/a La
Marina Bar Restaurant, AIDA M. RODRIGUEZ,
JOHN DOE and JANE DOE #1-10,

                           Defendants.
----------------------------------------------------------------X

**ORDER**

**16-CV-1008 (NGG) (RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

On February 29, 2016, Plaintiff Carlos Calle commenced this action against his former employers, Defendants Yoneles Enterprises, Inc., d/b/a La Marina Bar Restaurant, Aida M. Rodriguez, and John and Jane Does 1 through 10 (collectively, "Defendants") pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (Am. Compl. (Dkt. 18).) Defendants have not appeared in this action and have failed to answer or otherwise respond to the Amended Complaint. On April 17, 2017, the Clerk of Court entered default against Defendants. (Entry of Default (Dkt. 26).) On May 23, 2017, Plaintiff moved pursuant to Federal Rule of Civil Procedure 55 for entry of a default judgment against Defendants (the "Motion"). (Mot. for Default J. ("Mot.") (Dkt. 28).) The court referred the Motion to Chief Magistrate Judge Roanne L. Mann for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (May 24, 2017, Order.)

On October 24, 2017, Judge Mann issued an R&R recommending that "default judgment be granted against both named defendants, jointly and severally, in the amount of $56,414.41, representing $48,731.01 in compensatory, liquidated, and statutory damages, and $7,155.00 in

1

attorney's fees and $528.40 in costs." (R&R (Dkt. 43) at 1-2.) In addition, Judge Mann recommended "awarding prejudgment interest, at the rate of $3.21 per day from January 31, 2015 through the entry of judgment, on $13,016.71 of plaintiff's recommended wage-claim damages, and interest at the daily rate of $3.70 from July 15, 2015 through the entry of judgment, on recommended breach-of-contract damages of $15,000." (Id. at 2.) Judge Mann also recommended that "plaintiff be directed to show good cause for failing to serve the John and Jane Doe defendants within 90 days of the filing of his initial pleading, or else seek voluntary dismissal of the claims against those defendants." (Id.) The court notes that, after the issuance of the R&R, Plaintiff sought voluntary dismissal of the claims against the John and Jane Doe defendants, and the John and Jane Doe defendants were terminated as parties. (Notice of Voluntary Dismissal (Dkt. 44).)

No party has objected to the R&R and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). Therefore, the court reviews the R&R for clear error. See Porter v. Potter, 219 F. App'x 112, 113 (2d Cir. 2007) (summary order) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." (internal quotation marks and citation omitted)); Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the [R&R] has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks and citation omitted)). The court has reviewed both the record and the R&R and, finding no clear error, ADOPTS IN FULL the R&R (Dkt. 43). Plaintiff's Motion (Dkt. 28) is GRANTED. The court awards Plaintiff damages, against both named defendants, jointly and severally, in the amount of

$56,414.41—representing $48,731.01 in compensatory, liquidated, and statutory damages, and $7,155.00 in attorney's fees and $528.40 in costs—plus pre-judgment interest at the rate of $3.21 per day from January 31, 2015 through the entry of judgment, on $13,016.71 of plaintiff's recommended wage-claim damages, and interest at the daily rate of $3.70 from July 15, 2015 through the entry of judgment, on recommended breach-of-contract damages of $15,000. The Clerk of Court is respectfully DIRECTED to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
January 11, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge